IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MANN, et al.,

Plaintiffs,

vs.                                                    CASE NO. 3:08cv297-RS-EMT

ISLAND RESORTS DEVELOPMENT
INC., et al.,

Defendants.
_____/

# ORDER

Before me are Defendant W. G. Yates & Sons Construction Company's ("Yates") Motion to Dismiss Counts VI, VII, and VIII of Plaintiff's First Amended Complaint (Doc. 45) and Plaintiff's Memorandum of Law in Opposition to W. G. Yates & Sons Construction Company's Motion to Dismiss Counts VI and VII of Plaintiff's First Amended Complaint (Doc. 62).

## I. Background

On August 9, 2004, Plaintiff John Mann purchased a three-bedroom, fifth floor, terrace-level condominium unit in Portofino Tower Two from Frederick T. Kuykendall, who is not a defendant in this lawsuit. Portofino Tower Two is a part of Portofino Island Resort and Spa, a development of five high-rise condominium buildings located in Gulf Breeze, Florida. Mann is a resident of Louisiana. In

December, 2006, Mann transferred some of his interest in the unit to his in-law's trust, referred to as the Jones-McCulla Trust.  Plaintiffs Ernest Joseph McCulla and Mary Madonna McCullal Trustees for the Jones-McCulla Family Trust of 2001, are residents of Louisiana.

The terrace-level units in Portofino Tower Two and the other towers are distinguished from other units because they are surrounded on three sides by a wrap-around balcony.  After purchasing the condominium, Mann discovered drainage problems on the terrace that eventually caused damage to the condominium in the form of mold and water damage.  This damage was further exacerbated by Hurricane Ivan in 2004 and Hurricane Dennis in 2005.  Plaintiffs also allege that the floor is uncomfortably cold.

In a nine-count complaint, Plaintiffs allege that Island Resorts (as a developer), Adache Group and Hatch Mott MacDonald (as architects), and Yates (as a general contractor) violated the Florida Building Code, were negligent, and are in breach of warranty.

Defendant Yates requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Analysis

### A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim

which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted). A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Id.* at 1966, n.5. In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Id.* at 1964-65 (citations omitted).

**B. Application**

    **Count I:**

Defendant Yates denies the allegations contained in Count I of Plaintiffs' First Amended complaint, yet sets forth no grounds for dismissal.[1] As such, I deny Yates' motion as it pertains to Count I.

    **Count VI:**

---

[1] Yates claimed that it would respond to Count I in a separate answer, but did not file a separate answer.

Defendant Yates claims that Count VI for negligence is barred under the Florida Economic Loss Rule.  The economic loss rule is inapplicable to Yates because this case does not involve a cause of action against a manufacturer or distributor for economic loss caused by a product that damages itself, nor does this case involve parties who enjoy privity of contract.  *Indemnity Ins. Co. v. American Aviation, Inc.*, 891 So. 2d 532, 543-44 (Fla. 2004).  As a result, I deny Yates' motion as it pertains to Count VI.

**Count VII:**

In Count VII of Plaintiffs' First Amended Complaint, Plaintiffs allege that Yates, as the contractor of the Plaintiffs' condominium unit made implied warranties to the plaintiffs that the units were free of defects and built in accordance with the plans and specifications of the unit.  Further, Plaintiffs allege that Yates breached these implied warranties and that these breaches resulted in damages.  Under Florida law, however, privity of contract is required to maintain an action for breach of an implied warranty.  *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988); *Ocana v. Ford Motor Co.*, 992 So. 2d 319, 325 (Fla. 3d DCA 2008); *Weiss v. Johansen*, 898 So. 2d 1009 (Fla. 4th DCA 2005); *Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc.*, 637 So. 2d 968 (Fla. 5th DCA 1994).  Further, Plaintiffs have not alleged any express

warranties, warranties of merchantability, warranties of fitness, privity, or contract between themselves and Yates.  Plaintiffs merely allege that an implied warranty existed from Yates to Plaintiffs.  In this case Yates was hired by Island Resorts to build the condominium.  At no time was Yates in privity the plaintiffs.  Therefore, under Florida law, Plaintiffs have failed to allege the required elements to maintain s breach of implied warranty claim.  Plaintiffs' reliance on *Rogers & Ford Constr. Corp. v. Carlandia Corp.*, 626 So. 2d 1350 (Fla. 1993) is misplaced.  The *Rogers* decision only allows a plaintiff to maintain an action for construction defects in common areas or elements that all owners have access to (such as hallways, stairwells, and entryways), not for the types of defects alleged in this case.  Here, Plaintiffs specifically acknowledge that the terrace-level units are "distinguished from other units in the condominium building" and that the balcony was "intended to add value to these units." (Doc. 30, ¶ 14).  Such distinguishing exclusive features are not the type of elements contemplated by the Court in *Rogers*.  As a result, I grant Yates' motion as it pertains to Count VII.

**Count VIII:**

In Count VIII of Plaintiffs' First Amended Complaint, Plaintiffs allege that Island Resorts and Yates failed to comply with Chapter 558, Florida Statutes.  Plaintiffs further allege damages as a result of that failure.  Pursuant to §

558.004(12)(c), Florida Statutes (2008), it is clear that Chapter 558 does not create an independent cause of action on which liability may be based.  Plaintiffs did not respond to Defendant Yates' motion as it pertained to this Count.  As a result, I grant Yates' motion as it pertains to Count VIII.

### III. Conclusion

Defendant Yates' Motion to Dismiss Counts VI, VII, and VIII of Plaintiff's First Amended Complaint (Doc. 45) is **GRANTED IN PART AND DENIED IN PART**.  Counts VII and VIII asserted against Defendant Yates are **DISMISSED WITH PREJUDICE**.

**ORDERED** on December 19, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**