IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MANN, et al.,

Plaintiffs,

vs.                                         CASE NO. 3:08cv297-RS-EMT

ISLAND RESORTS DEVELOPMENT
INC., et al.,

Defendants.
_____/

### ORDER

Before me are Defendant Portofino Master Homeowners Association, Inc.'s ("Master Association") Motion to Dismiss the First Amended Complaint (Doc. 68) and Plaintiff's Memorandum of Law in Opposition to Master Association's Motion to Dismiss (Doc. 76).

### I. Background

On August 9, 2004, Plaintiff John Mann purchased a three-bedroom, fifth floor, terrace-level condominium unit in Portofino Tower Two from Frederick T. Kuykendall, who is not a defendant in this lawsuit. Portofino Tower Two is a part of Portofino Island Resort and Spa, a development of five high-rise condominium buildings located in Gulf Breeze, Florida. Mann is a resident of Louisiana. In

December, 2006, Mann transferred some of his interest in the unit to his in-law's trust, referred to as the Jones-McCulla Trust. Plaintiffs Ernest Joseph McCulla and Mary Madonna McCullal Trustees for the Jones-McCulla Family Trust of 2001, are residents of Louisiana.

The terrace-level units in Portofino Tower Two and the other towers are distinguished from other units because they are surrounded on three sides by a wrap-around balcony. After purchasing the condominium, Mann discovered drainage problems on the terrace that eventually caused damage to the condominium in the form of mold and water damage. This damage was further exacerbated by Hurricane Ivan in 2004 and Hurricane Dennis in 2005. Plaintiffs also allege that the floor is uncomfortably cold.

In a nine-count complaint, Plaintiffs only alleges one count of negligence against Master Association. Defendant Master Association requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Analysis

### A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted. In deciding whether

to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a

complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.  In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.  *Id.* at 1964-65 (citations omitted).

## B. Application

### Count IX:

In Count IX of Plaintiffs' First Amended Complaint, Plaintiffs allege that Master Association had a duty to the Plaintiffs to properly maintain, manage, insure, disburse insurance proceeds, operate, reconstruct and repair condominium property, including Plaintiffs' property.  Plaintiffs further allege that Master Association breached its duty to Plaintiffs and that Plaintiffs suffered damages as a proximate result of Master Association's negligence.  Accepting as true these

allegations and construing them in the light most favorable to the plaintiff, I deny Master Association's motion to dismiss.

### III. Conclusion

Defendant Master Association's Motion to Dismiss (Doc. 68) is **DENIED**.

**ORDERED** on December 19, 2008.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**