## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOHN MANN, et al.,

Plaintiffs,

vs.                                              CASE NO. 3:08cv297-RS-EMT

ISLAND RESORTS DEVELOPMENT
INC., et al.,

Defendants.
_____/

## ORDER

Before me are Defendant Adache Group Architect's ("Adache") Motion to

Dismiss Under Rule 12(b)(6) (Doc. 115) and Plaintiff's Memorandum of Law in

Opposition to Adache's Motion to Dismiss (Doc. 143).

### I. Background

On August 9, 2004, Plaintiff John Mann purchased a three-bedroom, fifth

floor, terrace-level condominium unit in Portofino Tower Two from Frederick T.

Kuykendall, who is not a defendant in this lawsuit.  Portofino Tower Two is a part

of Portofino Island Resort and Spa, a development of five high-rise condominium

buildings located in Gulf Breeze, Florida.  Mann is a resident of Louisiana.  In

December, 2006, Mann transferred some of his interest in the unit to his in-law's

trust, referred to as the Jones-McCulla Trust.  Plaintiffs Ernest Joseph McCulla and Mary Madonna McCullal Trustees for the Jones-McCulla Family Trust of 2001, are residents of Louisiana.

The terrace-level units in Portofino Tower Two and the other towers are distinguished from other units because they are surrounded on three sides by a wrap-around balcony.  After purchasing the condominium, Mann discovered drainage problems on the terrace that eventually caused damage to the condominium in the form of mold and water damage.  This damage was further exacerbated by Hurricane Ivan in 2004 and Hurricane Dennis in 2005.  Plaintiffs also allege that the floor is uncomfortably cold.

In a nine-count complaint, Plaintiffs allege that Island Resorts (as a developer), Adache Group and Hatch Mott MacDonald (as architects), and Yates (as a general contractor) violated the Florida Building Code, were negligent, and are in breach of warranty.

Defendant Adache requests dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. Analysis

### A. Rule 12(b)(6) Standard of Dismissal for Failure to State a Claim

Dismissal under Rule 12(b)(6) eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim

which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The *Twombly* Court

rejected a literal reading of the "no set of facts" rule and held that although a

complaint need not plead "detailed factual allegations" to survive a motion to

dismiss for failure to state a claim, the complaint must contain enough factual

matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed

to merely a "possible" or "speculative," entitlement to relief. *Twombly*, 127 S. Ct.

at 1964-66 (citations omitted).  A plausible entitlement to relief exists when the

allegations in the complaint traverse the thresholds separating the "conclusory"

from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.*

at 1966, n.5.  In addition, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions; a formulaic

recitation of the elements of a cause of action will not suffice.  *Id*. at 1964-65

(citations omitted).

**B. Application**

    **Count I:**

In Count I, Plaintiffs allege that Defendant Adache violated the Florida

Building Code pursuant to Section 553,84, Florida Statutes.  As a result of this

violation, Plaintiffs allege that they suffered damages.  Adache raises the statute of

limitations provided by Sections 95.11(3)(a), (c), (f) & (p), Florida Statutes as a

defense to this count.  Florida courts have granted dismissal where a plaintiff has knowledge of a defective condition sufficient to put the plaintiff on notice that it had, or might have had, a cause of action.  *Kelley v. Seminole Sch. Bd. of Seminole County*, 435 So. 2d 804 (Fla. 1983).  In reading Plaintiffs' complaint, it is impossible to tell exactly when the latent construction defect became a patent construction defect.  Plaintiffs allege in their complaint, "After Mann closed on the sale, he discovered that whenever it rained water ponded on the terrace, water stains were observed on the base trim and gypsum wallboard, and water penetrated at the base of the sliding glass doors in the guest and master bedrooms."  (Doc. 30, ¶ 15).  In the next paragraph, Plaintiffs allege, "Mr. Mann immediately notified Island Resorts, Master, Association and Yates of the above referenced problems."  (Doc. 30, ¶16).  Plaintiffs then allege "Hurricane Ivan struck the building in September, 2004."  (Doc. 30 ¶17).  If I am to read this complaint as a chronological recitation of events, I could conclude that Plaintiffs discovered the defects to the construction sometime before Hurricane Ivan made landfall in Pensacola on September 16, 2004.  If I were to do so, Defendant Adache would have a strong argument that the four-year statute of limitations would bar this claim.  However, it would be improper of me to jump to the conclusion that discovery of the defect was made before Hurricane Ivan hit.  For me to do so

would require me to make jumps in logic that I am unwilling to do at this stage in the proceedings.  The better practice, and the one I follow today, is for me to deny Adache's motion pursuant to *Saltponds Condo. Ass'n, Inc. v. Walbridge Aldinger Co.*, 979 So. 2d 1240 (Fla. 3d DCA 2008) (allegations in condominium association's breach of warranty complaint against contractor that some of the defects complained of were latent, as would toll the statute of limitations, precluded dismissal of complaint on limitations grounds).  I find, however, that Plaintiffs' statement that the statute of limitations was tolled pursuant to Section 558.004, Florida Statutes is misplaced.  It is clear from the Amended Complaint that Adache was not mailed a written notice as required by Section 558.004.  (Doc. 30, ¶55) ("Plaintiffs provided Island Resorts, Association and Yates with written notice . . . .")   At this point in the proceedings, I deny Adache's motion as it pertains to Count I.

**Count II:**

Plaintiffs allege that Adache, as architect for the condominium, was negligent in it's duty to use reasonable care to ensure that the design of Plaintiff's unit was performed in a workmanlike manner, in accordance with construction drawings, and in compliance with the Florida Building Code.  As a result of this negligence, Plaintiffs claim that they have suffered damages.  Defendant Adache

again relies on the statute of limitations in support of its motion to dismiss. For the reasons set out above, at this point in the proceedings I deny Adache's motion as it pertains to Count II.

**Count IV:**

In Count IV of Plaintiffs' First Amended Complaint, Plaintiffs allege that Adache, as the architect of the Plaintiffs' condominium unit made implied warranties to the plaintiffs that the units were free of defects and built in accordance with the plans and specifications of the unit. Further, Plaintiffs allege that Adache breached these implied warranties and that these breaches resulted in damages. Defendant Adache again relies on the statute of limitations in support of its motion to dismiss. Although I suspect that this claim is vulnerable to dismissal for reasons raised by other defendants, Defendant Adache has failed to raise any such arguments in its motion. A district court may not dismiss an action for failure to state a claim based upon grounds not raised by the parties. *Jones v. Albany County Civil Serv. Comm'n,* 985 F.Supp 280, 282 (N.D.N.Y. 1997); *Volvo N. A. Corp. v. Men's Int'l Professional Tennis Council*, 857 F.2d 55, 65 (2d Cir. 1988); *Square D. Co. v. Niagra Frontier Tarrif Bureau*, 760 F. 2d 1347, 1365 (2d Cir. 1985) (district court has not authority to dismiss complaint for failure to state a claim upon which relief can be granted without giving plaintiff an opportunity to

be heard).  As a result and for the reasons set out above, at this point in the

proceedings I deny Adache's motion as it pertains to Count IV.

### III. Conclusion

Defendant Adache's Motion to Dismiss (Doc. 115) is **DENIED**.


**ORDERED** on December 19, 2008.



/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**