IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MANN, ERNEST JOSEPH
McCULLA and MARY MADONNA
McCULLA, as TRUSTEES FOR THE
JONES-McCULLA FAMILY TRUST
OF 2001,
    Plaintiffs,

v.                                                                        Case No. 3:08cv297/RS/EMT

ISLAND RESORTS DEVELOPMENT, INC.,
et al.,
    Defendants.
_____/

**O R D E R**

This cause is before the court upon "Defendant, Hatch Mott MacDonald Florida, LLC's [hereafter "Hatch"] Motion to Compel Plaintiff[s] to Respond to Defendant's Initial Interrogatories, Plaintiffs' response thereto, Hatch's Reply to Plaintiffs' Response, and Plaintiffs' Amended Response to the Motion to Compel (Docs. 198, 230, 231, 232).

I.    BACKGROUND

In the motion to compel, Hatch states that it served Plaintiffs with initial interrogatories and requests for production of documents ("RFPs") on November 10, 2008; thus, Plaintiffs' responses were due by December 10, 2008 (*see* Doc. 198 at 2; *see also* Doc. 231). Hatch contends that, as of February 5, 2009, and despite repeated inquiries regarding the status of Plaintiffs' discovery responses, Plaintiffs failed to respond to the "Initial Interrogatories" (Doc. 198 at 2).[1] In response

---

[1] It is somewhat unclear from Hatch's motion whether Plaintiffs failed to respond only to the interrogatories, or to both the interrogatories and RFPs, but it is evident from the motion and subsequently-filed pleadings that Plaintiffs failed to respond to interrogatories that called for the review of certain business records. *See* Fed. R. Civ. P. 33(d). Thus, the interrogatories, in effect, included RFPs.

to Hatch's motion, Plaintiffs state that they submitted answers to Hatch's interrogatories prior to Hatch's filing the instant motion to compel and that they advised counsel for Hatch that the interrogatory answers had been supplied (Doc. 230 at 1). Therefore, Plaintiffs contend, Hatch's motion to compel should be denied as moot[2] (*id.*).

In its reply to Plaintiffs' response, Hatch notes that Plaintiffs' responses to the initial interrogatories were due on December 10, 2008, and Hatch made numerous attempts to obtain the responses from Plaintiffs, to no avail; thus, the instant motion to compel was filed (Doc. 231 at 2). Hatch further states, that contrary to Plaintiffs' assertion, Plaintiffs <u>had not</u> provided responses to the initial interrogatories prior to Hatch's filing of the motion to compel, and that Hatch was first provided with responses to the interrogatories on February 18, 2009 (*id.*). Hatch contends, however, that Plaintiffs' belated responses do not comply with Rule 33 of the Federal Rules of Civil Procedure because they are unverified and do not describe in sufficient detail the documents responsive to Hatch's interrogatories (*see id.* & Ex. A).[3]

In Plaintiffs' amended response to the motion to compel, Plaintiffs concede that they did not "send their interrogatory answers until a few days after Hatch filed its Motion to Compel," but they offer no explanation for misrepresenting this critical fact (*see* Doc. 232 at 1). Plaintiffs also attempt to offer a justification for their failure to sufficiently describe the documents responsive to Hatch's interrogatories (*see id.* at 2). In pertinent part, Plaintiffs explain that prior to February 18, 2009, Hatch failed to advise Plaintiffs that several years ago it had acquired Carlan Killiam Consulting Group, Inc. ("Carlan"), and "critical documents" produced in discovery refer to Carlan (*id.* at 2). Moreover, Plaintiffs state that "one of the critical documents [presumably reviewed by Hatch] does make reference to Hatch [] . . ." (*id.*).

---

[2]Plaintiffs' response does not specifically address the issue of RFPs (*see* Doc. 230).

[3]Counsel for Hatch states that he was required to travel to Grayton Beach, Florida, to review documents that Plaintiffs represented were responsive to Hatch's interrogatories (Doc. 231 at 3). Prior to reviewing the documents, however, counsel for Hatch requested that Plaintiffs' counsel provide details regarding the documents, as required by Rule 33 (*id.*). Plaintiffs' counsel failed to provide this information, so counsel for Hatch reviewed five volumes of documents on February 18, 2009, but Hatch's counsel claims that none of those documents were responsive to the interrogatories and none referred to Hatch or any of its employees (*id.*).

Case No.: 3:08cv297/RS/EMT

## II. CONTROLLING LAW

Rule 33(a)(2) of the Federal Rules of Civil Procedure provides that a party may serve written interrogatories on a party, related to any matter that may be inquired into under Rule 26(b). The responding party must serve its answers and any objections within thirty (30) days, and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(2),(3). Thus, answers should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer. *See* <u>Dipietro v. Jefferson Bank</u>, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (noting general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents) (citing 4 James Wm. Moore *et al*., Moore's Federal Practice (2d ed. 1989)).

Rule 33(d), titled "Option to Produce Business Records," provides:

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
   (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
   (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Similarly, the Rules also provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." <u>Searock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir. 1984). The response, due within thirty (30) days of being served, shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b)(2). If the documents for production are not in existence, the objecting party should so state under oath. *See* <u>Cairnes v. Chicago Exp., Inc.</u>, 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(4). If a party fails to answer a request for production, the discovering party

may move for an order compelling a response. Fed. R. Civ. P. 37(a)(3). Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court. *See* Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party. *Id.*

Additionally, Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity [and] [a]ny ground not stated in a timely objection [i.e., thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 . . . ." Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See* In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). This is so even though a party had an objection to make. *See* Jaffe v. Grant, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product).

Finally, if an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, this court is reluctant to sustain the objection. Although this seems to be an increasingly common approach to discovery, it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer. First, the rules do not on their face give a party that option. Rule 33, relating to interrogatories, states: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3) (emphasis added). Similarly, Rule 34(b)(2), relating to RFPs, provides that a responding party shall state in writing what documents will be produced, and that if objection is made to part of the request, the objection must specify the part and permit inspection of the rest. Rule 36(a), relating to requests for admission, contains substantially the same language. Thus, a responding party is given only two

choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices. Second, although the practice is common, the only reported decision this court has found that directly addresses the question is Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964), which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *See also*, Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection." Third, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. What this response really says is that counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. In this court, however, no objections are "reserved" under the rules; they are either raised or they are waived.

III. ANALYSIS

Plaintiffs' interrogatory responses fail to comply with Rule 33 in a number of ways. First, the responses are clearly untimely — they were due on December 10, 1998, but Plaintiffs waited until February 2009, to provide answers to Hatch's initial interrogatories.[4]

Additionally, the interrogatories are not verified (*see* Doc. 231, Ex. A), as required by Fed. R. Civ. P. 33(a)(2), which states that interrogatories must answered separately and fully in writing under oath. For example, Plaintiffs' interrogatories are titled "Plaintiffs' Unverified Answers to Defendant Hatch['s] [] First Interrogatories to Plaintiff[s]," and are not signed, under oath, by Plaintiffs (*see* Doc. 231, Ex. 1 at 1, 5–7). Moreover, the answers fail to describe with specificity the documents responsive to the interrogatories. For example, in response to six out of a total of seven of Hatch's initial interrogatories, Plaintiffs state the following:

> **ANSWER:** Plaintiffs specifically object to this Interrogatory for the reasons

---

[4] As noted *supra*, counsel for Plaintiffs stated that he had provided answers to Hatch's discovery requests prior to the time Hatch filed the instant motion to compel (Doc. 230 at 1). This misrepresentation, whether inadvertent or not, caused the court to needlessly expend time discerning the sequence of events in this discovery dispute. Additionally, the error caused Hatch to file a reply to Plaintiffs' response, and Plaintiffs, in turn, to file an amended response to Hatch's motion (*see* Docs. 231, 232). This is the type of misunderstanding that might have easily been resolved had the parties made a good faith effort to resolve this matter without further court intervention as previously instructed (*see* Doc. 202 at 2).

> stated in General Objection Nos. 1–9. Without waiving said objections, Plaintiffs will make documents responsive to this Interrogatory not already produced available to Defendant and permit inspection and copying of designated documents responsive to this Interrogatory. See also all Rule 26 Disclosures, pleadings filed in this matter, and discovery produced by other parties in this case.

This is unacceptable. Although the responses partially comply with Rule 33 by allowing Hatch an opportunity to examine the documents, the response does not specify the records in sufficient detail to enable Hatch to locate and identify them as readily as Plaintiffs. Additionally, Plaintiffs refer Hatch to "pleadings filed in this matter," in violation of Rule 33 (Doc. 231, Ex. A). Due to Plaintiffs' insufficient responses, counsel for Hatch was unable to discern which documents, upon reviewing "five volumes of documents," purportedly responded to which interrogatory (*see* Doc. 231 at 3). Plaintiffs may very well have provided documents responsive to Hatch's requests, but the manner in which they did so is not acceptable. *See* Rothman v. Emory University, 123 F.3d 446, 455 (7th Cir. 1997) (improper to deliver boxes of documents, including non-responsive materials, in responding to a request for production). Counsel for Hatch should not have to sift through volumes of materials to figure out which document(s) responds to which interrogatory.

Finally, Plaintiffs made nine initial objections to Hatch's interrogatories and also answered each individual interrogatory "without waiving" the objection (*see* Doc. 198, Ex. A). As previously discussed, a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices.

Accordingly, Plaintiffs shall be required to provide Hatch with another response to Hatch's interrogatories, titled "Amended Response to Defendant Hatch's Interrogatories." Plaintiffs' amended responses must not refer to any previous response (i.e., the amended responses will completely replace all previous responses provided by Plaintiffs); they must respond to each and every interrogatory, even if Plaintiffs have previously responded to a particular interrogatory and even if the previous response was not objectionable to Defendant Hatch; each interrogatory shall be answered separately and fully in writing under oath (unless objected to in good faith, in which case the objection shall comply with Fed. R. Civ. P. 33). Further, the answers must describe in sufficient detail the documents responsive to Hatch's interrogatories to clearly identify which documents respond to which interrogatory.

IV.   SANCTIONS

The remaining issue is whether Defendant Hatch is entitled to an award of expenses. Rule 37(a)(5)(A) provides, in relevant part:

> (A)  If the Motion [to Compel] Is Granted (or Disclosure or Discovery Is Provided After Filing).  If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

In the instant case, the record establishes that Hatch conferred with Plaintiffs before filing the instant motion, to no avail.  Moreover, Plaintiffs have offered no sufficient justification for their failure to provide the requested discovery in accordance with the Federal Rules of Civil Procedure, and the court is aware of no circumstances that make an award of expenses unjust.  Thus, Hatch is likely entitled to the fees and expenses incurred in bringing the instant motion, including those relating to the filing of Hatch's reply.  Plaintiffs, however, will be given an opportunity to be heard on this issue before the court decides the matter of sanction.

Accordingly, it is **ORDERED**:

1.   Defendant Hatch's "Motion to Compel Plaintiff[s] to Respond to Defendant's Initial Interrogatories (Doc. 198) is **GRANTED**.

2.   Plaintiffs shall provide the amended interrogatory responses to Defendant Hatch, as outlined in the body of this order, on or before **FRIDAY, MARCH 6, 2009**.

3.   On or before **FRIDAY, MARCH 20, 2009**, Defendant Hatch shall submit documentation of fees or expenses incurred in bringing the instant motion to compel.  Within **TEN (10) DAYS** of receipt of Defendants' documentation, but no later than **MONDAY, MARCH 30, 2009**, Plaintiffs may, but are not required to, file a notice opposing sanctions, outlining any objection to the imposition of sanctions or to the reasonableness of the amounts claimed by Defendants, or

both.

**DONE AND ORDERED** this 27th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**