IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MANN, et al,
    Plaintiffs,

v().

                                            Case No. 3:08cv297/RS/EMT

ISLAND RESORTS DEVELOPMENT, INC.,
et al.,
    Defendants.
                                          /

**ORDER**

This cause is before the court upon Defendant Hatch Mott MacDonald Florida, LLC's ("Hatch") "Motion for Establishment Award of Attorney's Fees and Costs," filed April 10, 2009, and Plaintiffs' response in opposition thereto (Docs. 308, 309).

In support of its motion, Hatch notes that this court entered an order on February 27, 2009 (Doc. 237), granting Hatch's motion to compel Plaintiffs' response to certain interrogatories, and awarding to Hatch attorney's fees and costs incurred in bringing the motion to compel (Doc. 308 at 2). In the same order, Hatch was directed to submit documentation of fees and expenses incurred in bringing the motion, after which Plaintiffs would be given an opportunity to file a notice opposing an award of sanctions to Hatch, outlining any objection to the imposition of sanctions or to the reasonableness of the amounts claimed by Hatch, or both (*see* Doc. 237). Thereafter, Hatch submitted documentation of fees and expenses incurred in bringing the motion to compel (Doc. 253), but Plaintiffs failed to respond to the documentation submitted by Hatch (that is, Plaintiff contested neither the appropriateness of sanctions nor the amounts claimed by Hatch). Thus, in the instant motion Hatch asserts that because Plaintiffs failed to respond to its request for fees, Hatch is entitled to an award of attorney's fees (Doc. 308).

In response, Plaintiffs request that the court deny Hatch's motion for attorney's fees (Doc.

309).  Plaintiffs argue that this case was mediated on February 27, 2009, and on March 20, 2009, the mediator filed a Supplemental Report of Mediator which indicated that a full settlement was reached by the parties (*id.* at 1; *see also* Doc. 304).  Plaintiffs state that Judge Smoak subsequently dismissed this case from the active docket of the court on March 23, 2009 (Doc. 309 at 2).  Plaintiffs contend that they did not respond to Hatch's affidavit of costs and fees because the case was settled and removed from the active docket of the court (*id.*).  Thus, Plaintiffs seek the entry of an order denying Hatch's motion for attorney's fees.

A review of the docket reveals, as noted *supra*, that on February 27, 2009, the undersigned issued an order granting Hatch's motion to compel and instructing Hatch to submit documentation of fees or expenses incurred in filing the motion (Doc. 237).  Hatch was directed to submit its documentation by March 20, 2009, and in the same order, Plaintiffs were instructed that they may, but were not required to, respond to Hatch's documentation of fees or expenses within ten (10) days of receipt of Hatch's documentation, but no later than March 30, 2009 (*id.*).  On March 11, 2009, Hatch submitted an affidavit of costs in support of its motion to compel, indicating that Hatch incurred costs and fees of $1,560.00 in bringing the motion to compel (Doc. 253).  Plaintiffs did not respond to Hatch's affidavit of costs.

On March 23, 2009, based upon a report of the mediator, United States District Judge Richard Smoak issued an order dismissing this case from the active docket of the court (Docs. 304, 305).  Judge Smoak instructed the parties that "[i]n the event that the settlement is not consummated, the court reserves jurisdiction, upon motion filed by any party within 120 days of the date of this Order, to amend or vacate and set aside this Order and reinstate[] the case" (Doc. 305 at 2).  In the same order, Judge Smoak denied as moot numerous pending motions, but the matter of sanctions now at issue between Plaintiffs and Hatch was not addressed in Judge Smoak's order (*see id.*).  Thus, the matter of sanctions remains unresolved, as Hatch's request for sanctions was not denied "as moot" by Judge Smoak, and it apparently was not settled during settlement negotiations.

Notwithstanding, Judge Smoak has dismissed this case from the active docket of the court, noting that the parties have 120 days from the date of his order, which was issued on March 23, 2009, to file a motion seeking reinstatement of this case if settlement is not consummated (Doc. 305).  Thus, the undersigned concludes that Hatch's motion, filed April 10, 2009, should be denied

without prejudice.[1]

Accordingly, it is **ORDERED**:

Defendant Hatch Mott MacDonald Florida, LLC's "Motion for Establishment Award of Attorney's Fees and Costs" (Doc. 308) is **DENIED without prejudice**.

**DONE AND ORDERED** this 16th day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As this court has previously noted, however, Hatch certainly appears to be entitled to an award of fees and costs incurred in bringing the motion to compel (*see* Doc. 237). Plaintiffs, on the other hand, are entitled to be heard on the issues of sanctions before sanctions may be imposed, *see* Fed. R. Civ. Pro. 37(a)(5)(A), and in this case the due date for Plaintiffs' response on the matter of sanctions (March 30, 2009) was after this case was dismissed from the active docket of the court. Therefore, the denial of Hatch's instant motion is without prejudice. The parties are strongly encouraged to resolve this matter during the time provided by Judge Smoak for finally settling this case. If the matter is not resolved, Hatch may file an appropriate motion.